**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**TERRY PAGE, DANIEL PAGE,
JOSH KING, AND,
JASON ALEX SPENCER,**

    **PLAINTIFFS,**

**VS.**                                                                 **CV NO.:2:18-cv-01754-JHE**

**BOATRIGHT COMPANY, INC.,**

    **DEFENDANT.**                                             **JURY TRIAL DEMANDED**

**FIRST AMENDED AND RESTATED COMPLAINT**

**I.  JURISDICTION**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

**II.  PARTIES**

    2.    Plaintiff, Terry Page (hereinafter " T. Page" or "Plaintiff") is a resident of Kimberly, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the NORTHERN District of Alabama during the events of this case. Terry Page was an employee within the contemplation of 29 U.S.C. §

203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3. Plaintiff, Daniel Page (hereinafter "D. Page" or "Plaintiff") is a resident of Morris, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the NORTHERN District of Alabama during the events of this case. Daniel Page was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4. Plaintiff, Josh King (hereinafter "Plaintiff") is a resident of Hayden, Blount County, Alabama, and performed work for the Defendant in the counties composing the NORTHERN District of Alabama during the events of this case. Josh King was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

5. Plaintiff, Jason Alex Spencer (hereinafter "Spencer" or "Plaintiff") is a resident of Pinson, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the NORTHERN District of Alabama during the events of this case. Jason Alex Spencer was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

6. Defendant Boatright Company, Inc., ("Defendant") is a company registered and doing business in the State of Alabama with offices located in Birmingham, Jefferson County, and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

### III. STATEMENT OF FACTS

7. Plaintiffs hereby incorporates by reference each of the allegations contained in paragraphs 1-6 above.

8. Defendant hired T. Page during the year 2002.

9. Defendant operates a commercial refrigeration installation business.

10. Defendant employed T. Page as a pipe fitter.

11. T. Page resigned his employment in 2018.

12. Defendant hired D. Page during the year 2008.

13. Defendant employed D. Page as a pipe fitter.

14. D. Page resigned his employment in 2018.

15. Defendant hired King during the year 2007.

16. Defendant employed King as a pipe fitter.

17. King resigned his employment in 2017.

18. Defendant hired Spencer during the year 2012.

19. Defendant employed Spencer as a pipe fitter.

20. Spencer resigned his employment in 2018.

21. Defendant assigned pipe fitters, such as the Plaintiffs, to travel to customer locations and perform installation work of commercial refrigeration equipment and perform maintenance on said equipment.

22. Defendant directed Plaintiffs, and other similarly situated pipe fitters, to travel across state lines in order to perform their services for the benefit of customers.

23. At all times during the employment relationship, Defendant classified Plaintiffs as an hourly paid, non-exempt employee.

24. Defendant last paid T. Page an hourly rate of $29.00 per hour.

25. During the three years preceding the filing of this Complaint, Defendant also paid T. Page an hourly rate of $25.00 per hour.

26. Defendant last paid D. Page an hourly rate of approximately $23.00 per hour.

27. Defendant last paid King an hourly rate of approximately $21.50 per hour.

28. Defendant last paid Spencer an hourly rate of approximatly $16.00 per hour.

29. During the three years preceding the filing of this complaint, Plaintiffs typically worked over forty hours in a work week.

30. Plaintiffs regularly worked between forty-eight (48) and sixty (60) hours in a work week.

31. For purposes of recording hours worked and determining overtime compensation, Defendant sets its workweek to begin on Monday at 12:00 a.m. and end on Sunday at 11:59 p.m.

## IV.   COUNT ONE – FLSA – Overtime Violations

32. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-31 above.

33. During the three years preceding the filing of this Complaint, Defendant is an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

34. During the three years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiffs, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

35. Defendant's gross annual volume of revenue exceeds $500,000.

36. At all times relevant to this action, Defendant was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d).

37. During the three years preceding the filing of this Complaint, Plaintiffs and all other similarly situated pipe fitters were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

38. Plaintiffs and all similarly situated pipe fitters employed by Defendant were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant. Plaintiffs' interstate commercial activity included, but was not limited to, installing refrigeration products that originated out of state or outside of the United States, and sold to customers not in the State of Alabama, and servicing refrigeration equipment and products owned by customers, and operating their businesses, outside of the State of Alabama.

39. During the three years preceding the filing of this Complaint, Defendant recorded Plaintiffs' hours worked in excess of forty hours for a work week on at least one or more occasion.

40. Defendant failed to pay Plaintiffs for all hours worked in excess of forty in a work week.

41. Defendant provided Plaintiffs, and other similarly situated employees, with a General Motors Corporation 2500 Sierra truck or Chevrolet Silverado truck in order to travel from their home or Defendant's location to the customer's location.

42. The commercial motor vehicle weight of General Motors Corporation 2500 Sierra truck is less than 10,001 pounds.

43. The commercial motor vehicle weight of a Chevrolet Silverado truck is less than 10,001 pounds.

44. As part of their job duties, Plaintiffs typically left their respective homes or Defendant's office, and traveled to the customer location.

45. Defendant compensated Plaintiffs, and other similarly situated employees, for the travel time from their respective homes in Jefferson and Blount County, or Defendant's office, to the customer location if such travel was in excess of fifty miles from the Plaintiff's respective homes.

46. For the benefit of the Defendant, Plaintiffs, and similary situated pipe fitters often remained "out of town" staying in hotels throughout the week on jobs if the travel was in excess of fifty miles from Plaintiffs' respective homes or Defendant's office.

47. At the conclusion of the work & labor performed for the customer, and the benefit of the Defendant, Plaintiffs traveled from the customer location back to their respective homes or the Defendant's office.

48. Defendant failed to compensate Plaintiffs for the travel time from the customer location back to their respective homes or the Defendant's office, regardless of the length of the trip.

49. During 2015 and 2016, Defendant paid Plaintiffs, and other similarly situated employees, travel time to the customer location separate and apart from

labor, requiring forty hours of actual labor plus the labor in an equal amount of the travel time before any overtime premium applied.

50. When Defendant followed this policy of paying straight time as described in the preceding paragraph, Defendant also failed to pay Plaintiffs, and other similarly situated employees, any compensation for the travel time from the customer location back to the employee's home or Defendant's office.

51. Beginning in or about 2016, Defendant changed its policy regarding travel time and began counting travel time to the customer location with labor time.

52. Defendant often assigned to Plaintiffs and other similarly situated employees to work and travel as a team in the installation and service duties for the benefit of Defendant's customers.

53. Later, Defendant changed its policy regarding travel pay rendered to the pipe fitters, such as Plaintiffs and other similarly situated employees, wherein Defendant compensated Plaintiffs for the travel time necessary to arrive at the customer location, but Defendant did not compensate Plaintiffs and other similarly situated employees, for the travel time to return home.

54. As part of the policy referenced in the above paragraph, Defendant also compensated the other employee assigned to work and travel as a team for the travel time to the customer location but did not compensate him from the customer location back to the his home.

55. Pursuant to the Defendant's policy, Plaintiffs and other similar situated employees were assigned to drive Defendant's trucks, any employee assigned to a truck could from time to time participate in the labor of travel to and from the customer location, resulting in all pipe fitters driving without compensation.

56. As part of the policy referenced in the above paragraph, Defendant failed to compensate the Plaintiffs for travel time from the customer location back to his home or Defendant's office at a regular rate of pay or at an overtime rate of pay.

57. As a result of Defendant's willful and intentional violation of the FLSA, Plaintiffs have been damaged, suffering loss of overtime pay.

### V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiffs the amount of his back overtime pay, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C. That Plaintiffs be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

  D. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Leslie Palmer

**OF COUNSEL**:
Allen D. Arnold, Attorney at Law
A Member of Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

Leslie Palmer
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, Alabama 35233
T: (205) 285-3050
F: (205) 386-4383
leslie@palmerlegalservices.com

**PLAINTIFFS REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2019, I filed a copy of the foregoing with the Clerk of this Court using the CM/ECF system of filing which will forward a copy to counsel for the Defendant at the following address:

Michael L. Thompson

_____
Of Counsel