IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY PAGE, DANIEL PAGE, JOSH KING and JASON ALEX SPENCER,<br><br>Plaintiffs,<br><br>v.<br><br>BOATRIGHT COMPANY, INC.,<br><br>Defendant. | CIVIL ACTION NUMBER:<br>2:18-cv-01754-JHE |

**JOINT MOTION FOR SETTLEMENT APPROVAL AND
INCORPORATED SETTLEMENT AGREEMENT**

COME NOW the Plaintiffs Terry Page, Daniel Page, Josh King and Jason Spencer (hereinafter "Plaintiffs"), and the Defendant Boatright Company Inc. (hereinafter "Defendant"), and jointly move for the Court to approve the Parties' Settlement Agreement, which represents a resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

In support of this Motion, the Parties state as follows:

**INTRODUCTION**

1. Plaintiff Terry Page initiated this action against Defendant, alleging that Defendant unlawfully failed to pay overtime wages for hours worked in excess of forty during multiple work weeks in violation of the FLSA. (Doc. 1). The

original filing pursued the matter as a collective action. (Doc. 1). Plaintiffs Daniel Page, Josh King and Jason Spencer filed consents to opt-in to the litigation. (Docs. 9, 20, 21). The Plaintiffs thereafter amended the complaint to add the opt-in plaintiffs as party- plaintiffs and dismissed the collective action. (Docs. 22-25).

2. Plaintiffs believe that the cause of action, allegations, and contentions asserted in this action have merit and that the evidence developed to date supports the cause of action asserted. Defendant disputes Plaintiffs' claims and further asserts various defenses to the Plaintiffs' claims, including, but not limited to, that if any failure to pay overtime compensation occurred, such failure occurred in good faith.

3. Accordingly, the Parties have reached a Settlement Agreement to resolve the Plaintiffs' claims for overtime wages. The Agreement is set forth below at pages 5-13. Pursuant to applicable Eleventh Circuit precedent, this Court is empowered to review and approve the provisions of such settlement agreements in actions brought for back wages under the FLSA. *See Lynn Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). Because the Parties have agreed that the terms reflected in this Agreement are mutually satisfactory and that they represent a fair and reasonable resolution of a bona fide dispute, the Parties respectfully request that the Court approve the Settlement Agreement.

4.      In support of this request that the Court approve the Parties' Settlement Agreement, Plaintiffs submit that each is satisfied that he will be fairly compensated under the terms of the Settlement Agreement for the alleged unpaid overtime to which he claims to be entitled.  Additionally, Plaintiffs' counsel represents that: (a) Plaintiffs fully understand the Agreement and (b) Plaintiffs have consulted with their counsel of record before agreeing to the Agreement and have entered into it knowingly and voluntarily.

WHEREFORE, the Parties respectfully request that this Court approve the Settlement Agreement as a fair and reasonable compromise of disputed issues under the FLSA.

## **MEMORANDUM OF LAW**

5.      Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c) (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores,*

*Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

6.  In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

7.  In the instant action, the Court should approve the Parties' Settlement Agreement to resolve Plaintiffs' FLSA claims against Defendant. The proposed Settlement Agreement arises out of an action that was adversarial in nature. The parties disputed the merits of this case, with Plaintiffs contending that Defendant violated the FLSA by failing to pay overtime premium and/or overtime wages for hours worked in excess of forty in a workweek during various workweeks as related to travel time. Defendant disputes Plaintiffs' claims, disputes Plaintiffs'

calculations (even if liability were to be found) and further contends that if any failure to pay overtime occurred, the error occurred in good faith. During the litigation and settlement of this action, both parties were represented by competent and experienced attorneys who are well versed in this area of the law. Plaintiffs and their counsel discussed the claims and the parties formulated their own proposed settlement figures. Defendant provided time and pay records to Plaintiffs to allow for a reasoned analysis of their claims and support for their damages. The Parties then engaged in settlement discussions based on their independent calculations and analysis. The Parties agreed to a mediation conducted with the assistance of Jay St. Clair.

8. The Parties entered into this settlement in recognition of the risks inherent in any litigation - specifically, for Plaintiffs, the risk of no recovery or a recovery that is less than the one obtained through this proposed agreement, and for the Defendant, the expense and uncertainty of further litigation and the risk of a verdict against it on the merits. The Settlement Agreement provides Plaintiffs with a full recovery of the claimed unpaid overtime wages and full recovery of claimed liquidated damages sought in this lawsuit for the three-year statute of limitations, and a payment of attorneys' fees and costs to Plaintiffs' counsel for prosecuting this matter.

9. Because the Settlement Agreement represents a fair and reasonable resolution over bona fide FLSA wage disputes and was negotiated at arms' length, the Court should approve this settlement.

## SETTLEMENT AGREEMENT

### I. Plaintiffs' Statement of Claims

10. This action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq*. for equitable and declaratory relief and to remedy violations of the FLSA by Defendant, which have deprived Plaintiffs of their lawful overtime wages and/or overtime premium in regard to every hour worked over forty in a work week at a rate below the overtime premium rate for hours worked in excess of forty in work week. This action was brought to recover unlawful denial of overtime premium pay and/or overtime wages for hours worked in excess of forty in a work week in the form of overtime wages and an equal amount in liquidated damages owed to the Plaintiffs.

11. Plaintiffs' estimate of their damages for unpaid overtime premium wages is attached as **Exhibit A**.

12. During the relevant statutory period, Terry Page contends he worked for the Defendant during various work weeks ending on November 15, 2015 through June 17, 2018, for which he was not compensated overtime premium

and/or overtime wages for hours worked in excess of forty in work week as a result of uncompensated travel time, thus denying him overtime compensation.

13. During the relevant statutory period, Daniel Page contends he worked for the Defendant during various work weeks ending on October 4, 2015, through January 21, 2018, for which he was not compensated overtime premium and/or overtime wages for hours worked in excess of forty in work week as a result of uncompensated travel time, thus denying him overtime compensation.

14. During the relevant statutory period, Jason Spencer contends he worked for the Defendant during various work weeks ending on December 20, 2015, through September 17, 2017, for which he was not compensated overtime premium and/or overtime wages for hours worked in excess of forty in work week as a result of uncompensated travel time, thus denying him overtime compensation.

15. During the relevant statutory period, Josh King contends he worked for the Defendant during various work weeks ending on December 7, 2015 through October 15, 2017, for which he was not compensated overtime premium and/or overtime wages for hours worked in excess of forty in work week as a result of uncompensated travel time, thus denying him overtime compensation.

## II. Defendant's Statement of Defenses

16. Defendant expressly denies that Plaintiffs are entitled to any of the amounts in Exhibit A and/or that the amounts were correctly computed.

17. Defendant denies that Plaintiffs worked any overtime hours for which they were not compensated and further denies that Plaintiffs are entitled to receive any liquidated damages.

18. Defendant contends that any violation of the FLSA was inadvertent, and its actions were made in good faith as Defendant made a good faith effort to comply with the FLSA consistent with guidance issued by the applicable regulatory agency(ies) and/or court precedent.

## III. Settlement Terms

In an effort to resolve the lawsuit, Defendant produced payroll records, time sheets and schedules, to aid Plaintiffs' evaluation of their claims and Defendant's defenses.

The Parties recognize that gathering the testimonial evidence during the alleged liability period and determining whether the Defendant operated in "good faith" would significantly increase litigation costs and potentially jeopardize the settlement amounts and delay payment of the settlements. These disputes would likely remain unresolved, require summary judgment filings, and the Court having to expend resources regarding liability and the Defendant's contention that it acted in good faith.

Using Defendant's records, the Parties were able to calculate the total number of regular and overtime hours worked for which Plaintiffs alleged

Defendant did not pay the Plaintiffs the proper overtime compensation for hours worked in excess of forty in a work-week as a result of travel time. Throughout settlement negotiations, the Parties discussed the strengths and weaknesses of their respective positions. Notably, the parties recognized the inherent risks with continued litigation. The Plaintiffs believe that the amount each will receive pursuant to this settlement reflects a fair and reasonable compromise of unpaid overtime premium and/or overtime wages that each could expect to recover if he were to prevail on his individual FLSA claims at trial, including the recovery of liquidated damages. While still denying any liability at all, Defendant believes that the amount Plaintiffs will receive pursuant to this settlement reflects an amount well in excess of complete and total satisfaction for any unpaid overtime wages and liquidated damages they could expect to recover if they were to prevail on their FLSA claims at trial.

Plaintiffs' attorneys' fees were negotiated at arm's length and Defendant agrees that the sum of $24,500.00 for attorneys' fees and $500.00 for the reimbursement of the filing fee and postage.  As courts have recognized, in circumstances similar to the instant matter, a lodestar analysis is not always required. *See Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *7 n. 4 (S.D. Ala. Feb. 14, 2013) ("[P]ersuasive district court authority has deemed scrutiny of the reasonableness of plaintiffs agreed-upon attorney's fees to be unnecessary in an

FLSA settlement where 'the plaintiffs attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff,' except in circumstances where 'the settlement does not appear reasonable on its face or there is reason to believe that the plaintiffs recovery was adversely affected by the amount of fees paid to his attorney.'") (quoting *Bonetti v. Embarq Management Co.*,715 F. Supp. 2d 1222, l228 (M.D. Fla. 2009); and citing also *Wing v. Plann B Corp.,* 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiffs claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiffs recovery was adversely affected by the amount of fees and costs to be paid to Plaintiffs' counsel")).

The method of calculation used in determining the above amounts is reasonable and does not compromise or diminish Plaintiffs' recovery, nor did it undermine the broad remedial purpose of the FLSA. It provides Plaintiffs with a fair and reasonable compromise of their disputed claim for unpaid overtime wages.

Plaintiffs agree that $24,500.00 should be paid to their attorneys in light of the favorable negotiation and $500.00 for the recovery of the filing fee, postage, and other expenses. Plaintiffs' counsel expended time studying Defendant's records, as well as time negotiating with Defendant, preparing an individualized

damages calculation, drafting and analyzing discovery, mediation, and the drafting of the present settlement agreement. Defendant has agreed that this amount be awarded to counsel for Plaintiffs. Defendant has agreed it shall pay the Plaintiffs' portion of the mediators' fee. Defendant has agreed to pay this amount in light of the costs, work performed, hours spent, likely hourly rates awardable, and in an effort to expedite payment to Plaintiff and to avoid costs and delay associated with continued litigation and fee petition.

Plaintiffs understand that the total amount to be paid to each is calculated as described above. Accordingly, Plaintiffs will receive the following total amount:

A Payroll check to each Plaintiff in amount stated below for unpaid overtime premium and/or overtime wages (less applicable taxes and withholdings and Defendant being responsible for its own share of any matching taxes) with Defendant to issue a W-2:

| Plaintiff | Amount of Payroll Check |
|---|---|
| Terry Page | $5,222.20 |
| Daniel Page | $3,182.20 |
| Josh King | $1,197.00 |
| Jason Spencer | $ 688.45 |

11

A lump sum check to each Plaintiff in amount stated below for liquidated damages with Defendant to issue a 1099:

| Plaintiff | Amount of Lump Sum Check |
|---|---:|
| Terry Page | $5,222.20 |
| Daniel Page | $3,182.20 |
| Josh King | $1,197.00 |
| Jason Spencer | $ 688.45 |

Plaintiffs understand and agree that each of them is responsible for the tax implications for the payments rendered to them as payment for liquidated damages.

Defendant will issue a check in the amount of $12,750.00 to Allen D. Arnold, LLC, with Defendant to issue a 1099.

Defendant will issue a check in the amount of $12,250.00 to Palmer Legal Services, LLC, with Defendant to issue a 1099.

Defendant will render all payments described herein to Plaintiffs' counsel within 21 calendar days of the Court's approval of the above settlement.

The Parties represent that they have reached a reasonable and fair resolution of Plaintiffs' FLSA claims. The Parties represent that they engaged in a good faith, arms' length negotiations in an effort to resolve the matter. The record indicates that a bona fide dispute existed regarding Defendant's errors and omission to

compensate Plaintiffs' minimum wage and overtime premium occurring in good faith.

Plaintiffs and Defendant agree that Defendant entering into this Agreement is not intended to be and shall not be construed to be an admission of any liability in this or any other similar matters.

A Proposed Stipulated Judgment, Approval of Settlement and Order of Dismissal is attached as **Exhibit B**.

## CONCLUSION

All Parties have reached settlement as to all issues and claims, including the issue of attorneys' fees. Undersigned counsel for Plaintiffs affirms to the Court that he has authority from his clients and from Defendant to submit the above settlement agreement resolving this dispute on these specific terms and that there are no other terms that have not been stated. The Settlement is contingent on this Court's approval.

THIS WILL CERTIFY THAT ALL PARTIES HAVE AGREED TO THE ABOVE. FURTHER, THE PARTIES HAVE AGREED THAT ALLEN D. ARNOLD WILL E-FILE THE FOREGOING *JOINT MOTION FOR SETTLEMENT APPROVAL AND INCORPORATED SETTLEMENT AGREEMENT*.

Respectfully submitted this the 8th day of June, 2020.

/s/ *Allen D. Arnold* 

Allen D. Arnold, Esq.
A Member of the Five Points Law Group, LLC
2151 Highland Avenue, Suite 205
Birmingham, AL 35205
(205) 252-1550
Email: allen@5pointslaw.com
*Counsel for Plaintiffs*

/s/ *Michael T. Thompson*

Michael L. Thompson, Esq.
ASB-5417-O46M
Lehr Middlebrooks Vreeland & Thompson, PC
P. O. Box 11945
Birmingham, AL 35202-1945
(205) 326-3002
Email: mthompson@lehrmiddlebrooks.com
*Counsel for Defendant*

677206.docx