FILED

2020 Jun-17  AM 08:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY PAGE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  2:18-cv-01754-JHE |
| | ) | |
| BOATRIGHT COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION[1]

Plaintiffs Terry Page, Daniel Page, Josh King, and Jason Alex Spencer (collectively "Plaintiffs") along with Defendant Boatright Company, Inc. ("Boatright" or "Defendant") jointly move requesting approval of their settlement agreement, which represents the resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  (Doc. 32). For the reasons set forth below, the court approves the parties' settlement.

### I. Background Facts

This action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* for equitable and declaratory relief and to remedy violations of the FLSA by Defendant, which Plaintiffs allege has deprived Plaintiffs of their lawful overtime wages and/or overtime premium in regard to every hour worked over forty in a work week at a rate below the overtime premium rate for hours worked in excess of forty in a work week. This action was brought to recover unlawful denial of overtime premium pay and/or overtime wages for hours worked in excess of forty in a work week in the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.

form of overtime wages and an equal amount in liquidated damages owed to the Plaintiffs. Plaintiffs' estimate of their damages are itemized at document 32-1.

During the relevant statutory period, Terry Page contends he worked for the Defendant during various work weeks ending on November 15, 2015 through June 17, 2018, for which he was not compensated with an overtime premium and/or overtime wages for hours worked in excess of forty in a work week as a result of uncompensated travel time, thus denying him overtime compensation.

During the relevant statutory period, Daniel Page contends he worked for the Defendant during various work weeks ending on October 4, 2015, through January 21, 2018, for which he was not compensated with an overtime premium and/or overtime wages for hours worked in excess of forty in a work week as a result of uncompensated travel time, thus denying him overtime compensation.

During the relevant statutory period, Jason Spencer contends he worked for the Defendant during various work weeks ending on December 20, 2015, through September 17, 2017, for which he was not compensated with an overtime premium and/or overtime wages for hours worked in excess of forty in a work week as a result of uncompensated travel time, thus denying him overtime compensation.

During the relevant statutory period, Josh King contends he worked for the Defendant during various work weeks ending on December 7, 2015 through October 15, 2017, for which he was not compensated with an overtime premium and/or overtime wages for hours worked in excess of forty in a work week as a result of uncompensated travel time, thus denying him overtime compensation.

Defendant expressly denies that Plaintiffs are entitled to any of the amounts in document 32-1 and/or that the amounts were correctly computed.  Defendant denies that Plaintiffs worked any overtime hours for which they were not compensated and further denies that Plaintiffs are entitled to receive any liquidated damages.  Defendant contends that any violation of the FLSA was inadvertent, and its actions were made in good faith as Defendant made a good faith effort to comply with the FLSA consistent with guidance issued by the applicable regulatory agency(ies) and/or court precedent.

In an effort to resolve the lawsuit, Defendant produced payroll records, time sheets and schedules, to aid Plaintiffs' evaluation of their claims and Defendant's defenses. The Parties recognize that gathering the testimonial evidence during the alleged liability period and determining whether the Defendant operated in "good faith" would significantly increase litigation costs and potentially jeopardize the settlement amounts and delay payment of the settlements. These disputes would likely remain unresolved, require summary judgment filings, and the Court having to expend resources regarding liability and the Defendant's contention that it acted in good faith.

Using Defendant's records, the Parties were able to calculate the total number of regular and overtime hours worked for which Plaintiffs alleged Defendant did not pay the Plaintiffs the proper overtime compensation for hours worked in excess of forty in a work-week as a result of travel time. Throughout settlement negotiations, the Parties discussed the strengths and weaknesses of their respective positions. Notably, the parties recognized the inherent risks with continued litigation. The Plaintiffs believe that the amount each will receive pursuant to this settlement reflects a fair and reasonable compromise of unpaid overtime premiums and/or overtime wages that each could expect to recover if he were to prevail on his individual FLSA

claims at trial, including the recovery of liquidated damages. While still denying any liability at all, Defendant believes that the amount Plaintiffs will receive pursuant to this settlement reflects an amount well in excess of complete and total satisfaction for any unpaid overtime wages and liquidated damages they could expect to recover if they were to prevail on their FLSA claims at trial.

Under the Settlement Agreement, Plaintiffs will receive the following:

A Payroll check to each Plaintiff in amount stated below for unpaid overtime premium and/or overtime wages (less applicable taxes and withholdings and Defendant being responsible for its own share of any matching taxes) with Defendant to issue a W-2:

| Plaintiff | Amount of Payroll Check |
|---|---|
| Terry Page | $5,222.20 |
| Daniel Page | $3,182.20 |
| Josh King | $1,197.00 |
| Jason Spencer | $ 688.45 |

A lump sum check to each Plaintiff in amount stated below for liquidated damages with Defendant to issue a 1099:

| Plaintiff | Amount of Payroll Check |
|---|---|
| Terry Page | $5,222.20 |
| Daniel Page | $3,182.20 |
| Josh King | $1,197.00 |
| Jason Spencer | $ 688.45 |

Plaintiffs understand and agree that each of them is responsible for the tax implications for the payments rendered to them as payment for liquidated damages.

Plaintiffs' attorneys' fees were negotiated at arm's length and Defendant agrees that the sum of $24,500.00 for attorneys' fees and $500.00 for the reimbursement of the filing fee and postage.  (Doc. 32 at 9).  The parties assert that "[t]he method of calculation used in determining the above amounts is reasonable and does not compromise or diminish Plaintiffs' recovery, nor did it undermine the broad remedial purpose of the FLSA. It provides Plaintiffs with a fair and reasonable compromise of their disputed claim for unpaid overtime wages." (*Id.* at 10).  Plaintiffs agree that $24,500.00 should be paid to their attorneys in light of the favorable negotiation and $500.00 for the recovery of the filing fee, postage, and other expenses.  (*Id.*).

Defendant will issue a check in the amount of $12,750.00 to Allen D. Arnold, LLC, with Defendant to issue a 1099.

Defendant will issue a check in the amount of $12,250.00 to Palmer Legal Services, LLC, with Defendant to issue a 1099.

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co.,*

*Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).  Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United Stat*es, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).  Having reviewed the Joint Motion for Settlement Approval and the terms of the Settlement Agreement, the parties' dispute as to the merits of the case is legitimate and the settlement is fair and reasonable.

"Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc*., 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)).  The parties report the matter of attorneys' fees was negotiated at arm's length and was based on the work performed by Plaintiffs' counsel and likely hourly rates awardable, and

the undersigned concludes Plaintiffs' recoveries were not affected by the amount of the attorneys' fee.  (Doc. 32 at 9-10).  Therefore, the undersigned finds the attorneys' fees are reasonable.

### III. Conclusion

The undersigned finds Plaintiffs' FLSA claims represent a bona fide dispute over FLSA provisions and the parties' settlement is a fair and reasonable resolution of these bona fide disputes. Therefore, the parties' motion for settlement approval, (doc. 32), is **GRANTED**, and the settlement is **APPROVED**.  A separate order will be entered.

DONE this 17th day of June, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

7